UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREA HUISJACK and
ERIC HUISJACK,

       Plaintiffs,                        Case No. 2:07-cv-259
                                         JUDGE GREGORY L. FROST
      v.                              Magistrate Judge Mark R. Abel

MEDCO HEALTH SOLUTIONS, INC.
and THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

       Defendants.

## OPINION & ORDER

This matter comes before the Court for consideration of a Motion to Dismiss Counts I, II, III, VI, VII (Doc. # 10) filed by Defendant Prudential Insurance Company of America ("Prudential"), a memorandum in opposition (Doc. # 13) filed by Plaintiffs Andrea Huisjack and her husband, Eric Huisjack (collectively "Plaintiffs"), and a reply.  (Doc. # 19.)  For the reasons that follow, this Courts grants in part and denies in part the motion.  (Doc. # 10).

## A. Issues Presented

This case presents several issues to the Court. First, does the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, govern the insurer's long-term disability ("LTD") plan.  Second, does a co-plaintiff, who is the husband of a participant in a LTD plan, have standing under as a beneficiary to pursue an action against an insurer.  Third, how should this Court treat Plaintiffs' state law claims once they have been removed to federal court on the grounds that at least one of them is completely preempted by § 502(a) of ERISA. Specifically, should a state law claim, once re-characterized as an ERISA claim, be dismissed in

federal court, because the complaint still facially pleads a state law claim, or may a plaintiff

proceed in this Court–with or without filing an amended complaint–albeit subject to the

constraints of ERISA.  Fourth, with respect to state law claims for LTD that are not completely

preempted, are any of Plaintiffs' claims traditionally preempted by § 514(a) of ERISA such that

they should be dismissed.  Lastly, when it is undisputed that Plaintiff's claims with respect to

short-term disability ("STD") benefits are not governed by ERISA, should this Court retain

supplemental jurisdiction over these claims.

### B. Background

Co-Plaintiff, Andrea Huisjack, is a former employee of Defendant Medco Health

Solutions ("Medco").  Medco provides two disability plans to its employees: a STD plan and a

LTD plan.  The STD plan is self-funded by Medco and administered by Prudential.[1]  The LTD

plan is a group disability plan underwritten and administered by Prudential.

On or about February 22, 2007, Plaintiffs filed a complaint in the Court of Common

Pleas of Franklin County, Ohio.  Plaintiffs' claims against Prudential arise out of Prudential's

denial of Andrea Huisjack's claim for short and long term disability benefits.  Specifically,

Plaintiffs allege the following state law claims against Prudential and Medco (collectively

"Defendants"):  breach of contract (Count One); declaratory relief (Count Two); bad faith

(Count Three); infliction of emotional distress (Count Six); and a motion for class certification

---

[1]     Prudential concedes that it is undisputed that ERISA does not govern the STD plan. *See Ryan v. The Prudential Ins. Co. of Am.*, No. 2:04cv1621, 2006 WL 2623238, at *5 (W.D. Pa. Sept. 12, 2006) (finding that "Medco's STD Plan is not part of an employee welfare benefit plan governed by ERISA, but is a "payroll practice" exempted from ERISA requirements").

for breach of contract (Count Seven).  Additionally, Plaintiffs also allege against Medco a

wrongful employment discharge-retaliation claim (Count Four) and a age discrimination claim

(Count Five).[2]

On March 22, 2007, Prudential removed the present action to this Court, pursuant to 28

U.S.C. § 1331 arguing that Plaintiffs' claims arise under federal law.  Prudential now moves to

dismiss with prejudice any claims raised by Plaintiff Eric Huisjack directed against Prudential

for lack of standing.  With respect to Plaintiff Andrea Huisjack, Prudential moves to dismiss

Counts Two, Three, Six, and Seven with prejudice.  Prudential also moves to dismiss Count One,

or alternatively, argues that Plaintiff must replead Count One to explicitly set forth a claim for

denial of benefits under § 502(a)(1)(B) of ERISA, § 1132(a)(1)(B).

## C. Findings

For the reasons set forth in this Opinion & Order, the Court finds the following: (1)

ERISA governs the LTD plan; (2) co-Plaintiff Eric Huisjack has standing under § 502 because

he qualifies under § 1002(8) as a  "beneficiary" under the plan; (3) Plaintiffs' breach of contract

claim (Count One), declaratory judgment request (Count Two), and motion for class certification

for breach of contract (Count Seven) are completely preempted by ERISA, thus Plaintiffs at this

time may proceed on Count One, Two, and Seven as viable federal claims without being

required to amend their complaint pursuant to the substantive and procedural constraints of

ERISA and the Federal Rules governing class action certification; (4) Counts Three and Six in so

far as they relate the LTD plan are traditionally preempted as they "relate to" an ERISA plan

---

[2]        This Court will specifically address Count Four and Five as they pertain solely to
Medco in a separate Opinion & Order.

under § 514(a) and are thereby dismissed; (5) this Court retains supplemental jurisdiction over

Counts One, Two, Three, Six and Seven in so far as they relate only to Plaintiff's state law

claims arising out of the denial of benefits under the STD plan.

### D. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), the Court presumes that all well-pleaded allegations are

true, resolves all doubts and inferences in favor of the pleader, and views the pleading in the

light most favorable to the non-moving party. *See e.g., Tornichio v. United States*, 263 F. Supp.

2d 1090, 1094 (N.D. Ohio 2002). Dismissal is warranted only if it appears beyond a reasonable

doubt that the pleader can prove no set of facts in support of the claim that would entitle him to

relief. *See, e.g.,Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003) (quoting

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Therefore, the focus is not on whether a

plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or

inferential allegations respecting all the material elements to sustain a recovery under some

viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001)

(quoting *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)). A

court need not, however, accept as true "legal conclusions or unwarranted factual inferences."

*Perry v. American Tobacco Co., Inc*., 324 F.3d 845, 848 (6th Cir. 2003) (quoting *Morgan v.*

*Church's Fried Chicken*, 829 F.2d 10, 12 (6th. Cir. 1987)).

### E. Discussion

Plaintiffs contend that discovery needs to be conducted to determine whether ERISA

governs the LTD plan. Alternatively, Plaintiffs argue that if ERISA governs the LTD plan, then

all of Plaintiffs' claims are completely preempted. Consequently, Plaintiffs posit that all of its

claims should be re-characterized as claims arising under §502(a)(1)(b), § 1132(a)(1)(b), and this Court should allow Plaintiffs to proceed on all of its claims.

Conversely, Prudential first contends that Plaintiff Eric Huisjack has no standing to bring any claim against Prudential.  Prudential then argues that discovery is not required for this Court to find that the LTD plan qualifies as an "employee welfare benefit plan" under § 1003(a). Prudential also–without distinguishing between complete and traditional preemption– argues that all of Plaintiff's claims are preempted by ERISA.  Accordingly, Prudential moves to dismiss Counts Two, Three, Six and Seven.  With respect to Count One, Prudential also moves to dismiss it or alternatively, asks the Court to require Plaintiffs to replead Count One to explicitly set forth a claim for denial of benefits under § 502(a)(1)(B) of ERISA, § 1132(a)(1)(B).

This Court will address each argument in turn.

**1. ERISA Governs the LTD Plan**

This Court must first turn to whether Medco's LTD plan–underwritten and administered by Prudential–qualifies as an "employee welfare benefit plan" under § 1003(a).  ERISA is a comprehensive federal law governing employee benefits.  *See, e.g., Ackerman v. Fortis Benefits Ins. Co.,* 254 F. Supp. 2d 792, 803-04 (S.D.Ohio 2003).  ERISA governs any "employee welfare benefit plan" established or maintained by an employer or employee organization that is "engaged in commerce or in [an] industry or activity affecting commerce." § 1003(a).  An "employee welfare benefit plan" refers to "any plan, fund, or program" established or maintained by an employer or employee organization for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment**. . . .**"

§ 1002(1) of ERISA.

There is no dispute that the LTD plan at issue was established to provide disability benefits. Plaintiff contends, however, that discovery needs to be conducted to determine whether ERISA governs the LTD plan at issue.  This Court is unconvinced.  Defendant cites to *Craft v. Prudential Ins. Co. of Am.* for the proposition that this Court has already found that ERISA governs Medco's LTD plan.  No. C2-CV-03-1007, 2006 WL 495972, at *13-16 (S.D. Ohio Feb. 28, 2006).  This Court notes that in *Craft* the parties did not dispute whether ERISA governed the LTD plan.  Thus, this Court did not analyze if ERISA governed the LTD plan in *Craft*.  *Id.* Rather, this Court proceeded on that assumption.  *Id.*  This Court also notes that in *Ryan v. Prudential Insur. Co. of Am.*, the plaintiff brought claims for denial of benefits against Prudential-the underwriter and administer of the plan– and employer Medco and Merck-Medco Managed Care.  No. 2:04cv1621, 2006 WL 2623238, at *1 (W.D. Pa. Sept. 12, 2006).  In *Ryan* the Court also assumed without analysis that LTD plan at issue was governed by ERISA.

While *Craft* and *Ryan* support the proposition that the LTD plan at issue, is governed by ERISA, out of an abundance of caution, this Court will not solely rely on their decisions to conclude that ERISA governs the LTD plan in this case.

Notwithstanding any analogous support that *Craft* and *Ryan* offer, by examining the parties briefing and the LTD plan itself[3], the Court concludes for the reasons that follow that the LTD plan at issue is an "employee welfare benefit plan" under § 1002(1).

---

[3]     It is appropriate for this Court to consider the LTD plan in a 12(b)(6) motion to dismiss because Plaintiffs not only repeatedly reference the LTD plan in the Complaint (Doc. # 1), but Plaintiffs' also attached a copy of the LTD plan to the Complaint (Doc. # 1) as well.

In determining whether a plan is an ERISA plan, a district court must undertake a three-step factual inquiry. *See, e.g., Ackerman,* 254 F. Supp. 2d at 804. First, the court must apply the so-called "safe harbor" regulations established by the Department of Labor ("DOL") to determine whether the program was exempt from ERISA. *Id.* (citing *Fugarino v. Hartford Life and Accident Ins. Co.,* 969 F.2d 178, 183 (6th Cir.1992)), *cert. denied,* 507 U.S. 966 (1993). Second, the court must ask whether the employer "established or maintained" the plan with the intent of providing benefits to its employees. *See McNeil v. Time Ins. Co.,* 977 F. Supp. 424, 429 (N.D. Tex. 1997); *Ackerman,* 254 F. Supp. 2d at 804 (citing *McDonald v. Provident Indem. Life Ins. Co.,* 60 F.3d 234, 236 (5th Cir. 1995)), *cert. denied,* 516 U.S. 1174 (1996). Third, the court must look to see if there was a "plan" by inquiring whether "from the surrounding circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits." *Id.* (quoting *Int'l Res. Inc. v. New York Life Ins. Co.,* 950 F.2d 294, 297 (6th Cir.1991))(citation omitted).

Thus, this Court must first turn to whether the LTD plan is exempt by virtue of coming within the safe harbor provision promulgated by the DOL. 29 C.F.R. § 2510.3-1(j)(1)-(4). Under this provision, the insurance policy at issue is not an employee welfare benefit plan covered by ERISA if (1) the employer did not contribute to the policy; (2) participation was voluntary; (3) the employer's involvement with the policy was limited to collecting premiums and remitting them to insurer and to permitting insurer to advertise its policy without the employer endorsing the plan; and (4) the employer received no profit from administering the policy other than reasonable compensation for administrative services actually rendered. *See Ackerman,* 254 F. Supp. 2d at 803; *see also McNeil,* 977 F. Supp. at 429. Notably, "the plan must meet all four

criteria to be exempt."  *McNeil,* 977 F. Supp. at 429 (quoting *Meredith v. Time Ins. Co.,* 980 F.2d 352, 355 (5th Cir. 1993)).

In the instant case, the contract expressly states that Medco paid for the premiums of its employees--such as Andrea Huisjack-- on a non-contributory basis.  Specifically, the contract states "that the entire cost of coverage under the plan is paid by your employer."  (Doc. # 3, Ex. A.)  Thus, Medco did contribute to the plan.  Accordingly, the plan falls outside the safe-harbor provision and is therefore not exempt from ERISA coverage.  With respect to the second prong, the contract explicitly shows that Medco established the LTD plan for the purpose of providing disability benefits to a clearly defined group of employees.  (Doc. # 3, Ex. A.)  Moreover, with respect to the third inquiry, a reasonable person could ascertain the following: (1) LTD insurance was the intended benefit of the plan; (2) that the beneficiaries were employees of Medco as an incident of their employment; (3) the source of financing was premiums paid fully by Medco; and (4) the procedure to apply for and collect benefits was to submit a claim with Prudential subject to specific conditions precedent to eligibility.

Thus, this Court finds that Medco's LTD plan is "employee welfare benefit plan" under ERISA.

### 2. Standing

Prudential contends that Plaintiff Eric Huisjack has no standing to bring any claim against Prudential.  Specifically, Prudential argues that Eric Huisjack lacks standing because he is neither a "beneficiary" nor a "participant" under the LTD plan.  This Court disagrees.

Section 502(a) specifies the types of claims that may be properly be pursued under ERISA as well as the parties entitled to assert those claims.  *Taylor Chevrolet. v. Medical Mut.*

*Services*, No. 2:07-cv-53, 2007 WL 1452618, at *4 -5 (S.D.Ohio, 2007) (citing *Sonoco Prods.*

*Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003)).  Where a plaintiff lacks

standing under ERISA, a plaintiff's state law claim may not be re-characterized as an ERISA

enforcement action.  *Id.*   Courts narrowly construe the provisions of § 502(a) to permit only

those parties enumerated to bring suit. *Taylor Chevrolet,* 2007 WL 1452618, at *4 (citing *COB*

*Clearinghouse Corp. v. Aetna U.S. Healthcare Inc.,* 362 F.3d 877, 881 (6th Cir. 2004)).

Specifically, § 502(a)(3), which provides for equitable relief, allows a "participant, beneficiary,

and fiduciary" to bring claims, while § 502(a)(1), which provides for monetary damages, only

allows a "participant and beneficiary" to file suit.

   Here, it is undisputed that Andrea Huisjack has standing as a "participant" in the LTD

plan.  Additionally, it is undisputed that Eric Huisjack is not a "participant" in the LTD plan.

Thus, this Court must address whether Eric Huisjack, as the husband of a "participant," is a

"beneficiary" for purposes of having standing to bring an ERISA suit.  A beneficiary is "a person

designated by a participant, or by the terms of an employee benefit plan who is or may become

entitled to benefits under the plan." § 1002(8).  "An individual who is a potential beneficiary,

regardless of whether he or she becomes an actual beneficiary, has standing to bring an ERISA

suit."  *Muller v. First Unum Life Ins. Co.* 23 F. Supp. 2d 231, 234 (N.D.N.Y. 1998) (stating that

participant's wife has standing to bring suit because she is a potential beneficiary of survivorship

benefits of which she would be entitled to upon death of participant); *see Riordan v.*

*Commonwealth Edison Co.,* 128 F.3d 549, 552 (7th Cir. 1997).

   In this case, under the terms of the LTD plan, the plan designates an *eligible survivor* as a

potential beneficiary.  (Doc. # 3, ex. A.)  The plan defines *eligible survivor* as "your spouse, if

living; otherwise, your children under age 25." *Id.* Thus, this Court finds that Eric Huisjack, as the spouse of Andrea Huisjack, is an eligible survivor and thus a potential beneficiary under the terms of the LTD plan. Accordingly, Eric Huisjack also has standing to bring suit.

### 3. ERISA Preemption

This Court finds that each party in some respect either fails to recognize the differences between complete and traditional (also known as "conflict") preemption or to the extent they understand the concepts, misapply them in the context of ERISA. Therefore, this Court will explain complete and traditional preemption generally and as applied in the ERISA context.

Traditional and complete preemption are mutually exclusive doctrines with respect to a particular claim. *Ackerman,* 254 F. Supp. 2d at 818 (stating that "the concept of traditional preemption and that of complete preemption are unique, distinct, and mutually exclusive; as to a single claim, they are incompatible and cannot coexist."

Complete preemption is a jurisdictional doctrine that is a narrow exception to the well-pleaded complaint rule. *Taylor Chevrolet Inc.,* 2007 WL 1452618, at *2 (stating that "[u]nder this rule, a cause of action 'arises under' federal law, only when a plaintiff raises issues of federal law on the face of the well-pleaded complaint." (citing, *e.g.*, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987))). Complete preemption is an exercise of extraordinary preemptive power and applies only in those cases where Congress' intent in enacting a federal statutory scheme was to completely preempt state law and create federal jurisdiction under 28 U.S.C. § 1331. *Taylor Chevrolet*, 2007 WL 1452618, at *3 (citing*, e.g., AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004)). In other words, complete preemption is based on the

proposition that if Congress clearly intended for a state cause of action to be brought under

federal law, then it should be.  *See, e.g., Ackerman,* 254 F. Supp. 2d at 813-814.  Under this

exception, a court will treat a complaint that on its face only alleges a state law cause of action as

alleging a viable federal cause of action providing a basis for removal.  *Taylor Chevrolet*, 2007

WL 1452618, at *3 (citing *AmSouth Bank*, 386 F.3d at 776 (stating that when Congress has

indicated its intent to completely occupy a field, any ostensible state law claim is in fact a federal

claim providing a basis for federal jurisdiction)). If a claim is completely preempted, it becomes

a federal cause of action.  *Id.* at 817-820.  Consequently, the district court has jurisdiction over

the claim, and it should be adjudicated accordingly.  *Id.*

In the context of ERISA, in order to be completely preempted, and therefore removable

to federal court, the state law claim must be capable of being characterized as an ERISA

enforcement action under ERISA's civil enforcement provision, § 502(a).  *Taylor Chevrolet*,

2007 WL 1452618, at *4; *Sonoco Prods. Co.*, 338 F.3d at 371 (stating that "the civil

enforcement provision 'completely preempts state law claims that come within its scope and

converts these state claims into federal claims. . .' " (quoting *Darcangelo*, 292 F.3d at 187)).

The removing party must prove that : "(1) the plaintiff . . . [has] standing under § 502(a) to

pursue its claim; (2) its claim must 'fall [] within the scope of an ERISA provision that [it] can

enforce via § 502(a)'; and (3) the claim must not be capable of resolution 'without an

interpretation of the contract governed by federal law,' i.e., an ERISA-governed employee

benefit plan."  *Taylor Chevrolet*, 2007 WL 1452618, at *4 (quoting *Jass v. Prudential Health*

*Care Plan*, 88 F.3d 1482, 1487 (7th Cir. 1996)).[4]

Specifically, courts have repeatedly held that a breach of contract claim against an insurer arising out of a denial for benefits is essentially a claim for benefits under § 502(a)(1)(b) and should be characterized as such. *Ackerman,* 254 F. Supp. 2d at 818.   Consequently, the claim is completely preempted and a federal court should allow the plaintiff to proceed without requiring the plaintiff to amend his or her complaint to explicitly state an ERISA claim. *Ackerman,* 254 F. Supp. 2d at 818 (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (stating  "[w]hat would be the point of amending the complaint to make explicit what the district judge has held is the only possible interpretation of the document?"))

Once a federal court has determined that § 502(a) governs that particular claim, the inquiry ends. *Ackerman,* 254 F. Supp. 2d at 816.  The claim is actionable in federal court. Section 514(a) is irrelevant with respect to that claim. *Id.*  Only if a court finds that the claim is not completely preempted under § 502–and therefore not providing a basis for removal– should the court then consider whether the claim is traditionally preempted under § 514(a).

In the case of traditional preemption, courts adhere to the well-pleaded complaint rule. *Taylor Chevrolet*, 2007 WL 1452618, at *3.  Under traditional preemption, state laws that conflict with federal laws are preempted, and preemption is then properly asserted as a federal defense to a state court action. *Taylor Chevrolet*, 2007 WL 1452618, at *3; *see also Metro. Life*

---

[4]       With respect to the second requirement, the Supreme Court in *Aetna Health v. Davila*, 542 U.S. 200, 209 (2004) reiterated its prior holding in *Metropolitan Life* that §502(a)(1)(b) serves to completely preempt state law claims brought by participants or beneficiaries. *Davila*, 542 U.S. at 209 (referencing *Metro. Life Ins. Co.*, 481 U.S. at 65-66).  The Supreme Court in *Davila*, however, did not resolve whether § 502(a)(2) also has a completely preemptive effect so as to permit removal. *Davila*, 542 U.S. at 206.

*Ins. Co.,* 481 U.S. at 63; *Darcangelo v. Verizon Commc'ns, Inc*., 292 F.3d 181, 186-87 (4th Cir.

2002).  Because traditional preemption is a defense to a state cause of action, the Supreme Court

has recognized that it normally does not appear on the face of the plaintiff's well-pleaded

complaint.  *Id.*  Thus, traditional preemption does not provide a basis to remove to federal court.

*Id.*  Rather, it provides a means for a state court to dismiss a cause of action.

In the ERISA context, § 514 defines the scope of ERISA's preemption of conflicting

state laws: state laws are superseded insofar as they "relate to" an ERISA plan.  Thus, state law

claims–that are not completely preempted under 502(a)– regardless of how they are pled, are

completely preempted if they "relate to" an ERISA plan and should be dismissed.  *See McNeil v.*

*Time Ins*. Co. 977 F. Supp. 424, 431 (N.D. Tex.1997).  Specifically, courts have found that state

law claims of bad faith, intentional infliction of emotional distress, and loss of consortium

arising out an denial of benefits are traditionally preempted by § 514(a).  *E.g., Ackerman,* 254 F.

Supp. 2d at 816- 819 (sustaining the defendant's motion for summary judgment as to the

plaintiff's state law claims for bad faith, intentional infliction emotional distress, and loss of

consortium given that the said claims are traditionally preempted under § 514(a)).

Here, Plaintiffs' breach of contract claim arising out of Andrea's Huisjack denial of

benefits (Count One), declaratory judgment request to clarify Plaintiffs' rights under the plan

(Count Two), and motion for class certification for breach of contract (Count Seven) in so as far

as they all relate solely to the LTD plan are completely preempted by § 502(A).  Thus,  Plaintiffs

at this time may proceed on Count One, Two, and Seven as viable federal claims without being

required to amend their complaint pursuant to the substantive and procedural constraints of

ERISA and the Federal Rules governing class action certification.

With respect to Counts One and Two, this Court notes that ERISA claims for benefits are to be decided with reference to the administrative record. *Ackerman*, 254 F.Supp. 2d at 819. Because neither party has submitted a memorandum on the merits of the administrative decision regarding Plaintiffs' claim for benefits, the Court cannot proceed to review that decision at this time. Accordingly, the parties must be afforded the opportunity to do so. The Court will schedule a status conference to discuss a briefing schedule and any other matters necessary to resolve this litigation.

As for Plaintiffs' claims of Bad faith (Count Three) and Infliction of Emotional Distress (Count Six) in so far as they relate the LTD plan are traditionally preempted as they "relate to" an ERISA plan under § 514(a) and are thereby dismissed.

Finally, pursuant to 28 U.S.C. § 1367, this Court retains supplemental jurisdiction over Counts One, Two, Three, Six and Seven in so far as they relate only to Plaintiffs' state law claims arising out of the denial of benefits under the STD plan. *Voyticky v. Village of Timberlake, Ohio,* 412 F.3d 669, 675 (6th Cir. 2005) (stating that supplemental jurisdiction, in general, allows a plaintiff to include claims over which a federal court would not normally have jurisdiction provided that plaintiff's complaint properly invokes the district court's jurisdiction and that the other claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy).

## F. Conclusion

Thus, for the reasons aforementioned, this Court finds the following: 1) ERISA governs the LTD plan; (2) co-Plaintiff Eric Huisjack has standing under § 502 because he qualifies under § 1002(8) as a "beneficiary" under the plan; (3) Plaintiffs' breach of contract claim (Count

One), declaratory judgment request (Count Two), and motion for class certification for breach of

contract (Count Seven) are completely preempted by ERISA, thus Plaintiffs at this time may

proceed on Count One, Two, and Seven as viable federal claims without being required to amend

their complaint pursuant to the substantive and procedural constraints of ERISA and the Federal

Rules governing class action certification; (4) Counts Three and Six in so far as they relate the

LTD plan are traditionally preempted as they "relate to" an ERISA plan under § 514(a) and are

thereby dismissed; (5) this Court retains supplemental jurisdiction over Counts One, Two, Three,

Six and Seven in so far as they relate only to Plaintiff's state law claims arising out of the denial

of benefits under the STD plan.   Thus, this Court **GRANTS** in part and **DENIES** in part

Prudential's motion.  (Doc. # 10.)

       **IT IS SO ORDERED**.

                                 **/s/ Gregory L. Frost**
                                 **GREGORY L. FROST**
                                 **UNITED STATES DISTRICT JUDGE**