**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANDREA HUISJACK and
ERIC HUISJACK,**

       **Plaintiffs,**                      Case No. 2:07-cv-259
                                              JUDGE GREGORY L. FROST
     **v.**                                        Magistrate Judge Mark R. Abel

**MEDCO HEALTH SOLUTIONS, INC.
and THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,**

        **Defendants.**

## **OPINION & ORDER**

This matter comes before the Court for consideration of a Motion to Dismiss (Doc. # 13) filed by Defendant Medco Health Solutions ("Medco"), a memorandum in opposition (Doc. # 16) filed by Plaintiffs Andrea Huisjack and her husband, Eric Huisjack (collectively "Plaintiffs"), and a reply. (Doc. # 18.)  For the reasons that follow, this Courts grants in part and denies in part the motion. (Doc. # 13).

### **A. Background**

Co-Plaintiff, Andrea Huisjack, is a former employee of Medco. Medco provides two disability plans to its employees: a short-term disability plan ("STD") plan and a long-term disability plan ("LTD") plan. The STD plan is self-funded by Medco and administered by Prudential Insurance of America ("Prudential").[1]  The LTD plan is a group disability plan

---

[1] It is undisputed that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, does not govern the STD plan. *See Ryan v. The Prudential Ins. Co. of Am.*, No. 2:04cv1621, 2006 WL 2623238, at *5 (W.D. Pa. Sept. 12, 2006) (finding that "Medco's STD Plan is not part of an employee welfare benefit plan governed by ERISA, but is a "payroll practice" exempted from ERISA requirements").

underwritten and administered by Prudential.

On or about February 22, 2007, Plaintiffs filed a complaint in the Court of Common Pleas of Franklin County, Ohio.  Plaintiffs' claims against Prudential arise out of Prudential's denial of Andrea Huisjack's claim for short and long term disability benefits.  Specifically, Plaintiffs allege the following state law claims against Prudential and Medco (collectively "Defendants"): breach of contract (Count One); declaratory relief (Count Two); bad faith (Count Three); infliction of emotional distress (Count Six); and a motion for class certification for breach of contract (Count Seven).  Additionally, Plaintiff Andrea Huisjack solely alleges against Medco a wrongful employment discharge-retaliation claim in violation of Ohio Rev. Code **§** 4112.02(I) (Count Four) and a state law age discrimination claim under Ohio Rev. Code § 4112.02 (A) (Count Five).

On March 22, 2007, Prudential removed the present action to this Court, pursuant to 28 U.S.C. § 1331 arguing that Plaintiffs' claims arise under federal law.  On April 10, 2007, Prudential filed its Motion to Dismiss.[2]  (Doc. # 10.)

---

[2]    With respect to Prudential's Motion to Dismiss, this Court has already found the following (Doc. # 24): (1) ERISA governs the LTD plan; (2) co-Plaintiff Eric Huisjack has standing under § 502 of ERISA because he qualifies under § 1002(8) as a  "beneficiary" under the plan; (3) Plaintiffs' breach of contract claim (Count One), declaratory judgment request (Count Two), and motion for class certification for breach of contract (Count Seven) are completely preempted by ERISA.  Thus, Plaintiffs at this time may proceed on Count One, Two, and Seven as viable federal claims without being required to amend their complaint pursuant to the substantive and procedural constraints of ERISA and the Federal Rules governing class action certification; (4) Counts Three and Six in so far as they relate the LTD plan are traditionally preempted as they  "relate[] to" an ERISA plan under § 514(a) and are thereby dismissed; (5) this Court retains supplemental jurisdiction over Counts One, Two, Three, Six and Seven in so far as they relate only to Plaintiffs' state law claims arising out of the denial of benefits under the STD plan.  *Huisjack v. Medco Health Solutions, Inc.*, No. 2:07-cv-259, 2007 WL 1795863 (S.D. Ohio 2007).

Medco filed an Answer (Doc. # 8), then subsequently an Amended Answer (Doc. # 9) on April 2, 2007. Then, on April 16, 2007, Medco filed its Motion to Dismiss. (Doc. # 13.) In light of this Court's prior Opinion & Order (Doc. # 24), the only claims left to address are Count Four and Count Five. *Huisjack v. Medco Health Solutions, Inc*., No. 2:07-cv-259, 2007 WL 1795863 (S.D. Ohio 2007).

### B. Standard of Review

Medco moves to dismiss under Fed. R. Civ. P. 12(b)(6). For a dismissal under Rule 12(b)(6), the moving party must request judgment in a pre-answer motion or in the answer itself. *Bower v. Federal Exp. Corp*. 156 F. Supp. 2d 678, 684 (W.D. Tenn. 2001). Medco, however, filed an Answer (Doc. # 8.) and Amended Answer (Doc. # 9) thereby closing the pleadings. This Court therefore converts Medco's motion to dismiss to a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Under this rule, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard of review for judgment on the pleadings under Rule 12(c) is indistinguishable from the standard of review for motions to dismiss based on Rule 12(b)(6). In considering such a motion, the Court must "construe the complaint in the light most favorable to plaintiff, accept all of the complaint's factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of his claim[s] that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). *See also Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not, however, accept as true legal conclusions or unwarranted factual inferences. *Mixon*, 193 F.3d at 400.

### C. Discussion

Solely with respect to Counts Four and Five, Plaintiffs posit that this Court should re-characterize both Counts as claims arising under §502(a)(1)(b) of Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(b). Thus, Plaintiffs contend that this Court should allow Plaintiffs to proceed on each Count.

Medco contends that Count Four–Plaintiff's Andrea Huisjack's retaliation claim for seeking LTD and STD benefits– should be dismissed because it is completely preempted by ERISA.[3] As for Count Five–Plaintiff Andrea Huisjack's age discrimination claim–Medco contends that Plaintiff fails to state a claim upon which relief can be granted. Specifically, Medco argues that because Andrea Huisjack was thirty-two years old at the time of termination, she is not a member of a protected class for age discrimination purposes under Ohio law.

This Court will address each argument in turn.

**1. Count Four: Retaliation Claim**

In Count Four, Plaintiff Andrea Huisjack alleges that Medco retaliated against her by discharging her after she sought short and long term disability benefits in violation of Ohio Rev. Code § 4112.02(I).

This Court finds that Count Four with respect only to LTD benefits falls directly under

---

[3] This Court notes that it already stated that if a claim is completely preempted by ERISA, dismissal is inappropriate. *Huisjack,* 2007 WL 1795863, at *6; *see also Ackerman v. Fortis Benefits Ins. Co.,* 254 F. Supp. 2d 792, 818 (S.D.Ohio 2003). Rather, a federal court should allow the plaintiff to proceed without requiring the plaintiff to amend his or her complaint to explicitly state an ERISA claim. This Court previously found (Doc. # 24) that Plaintiffs and Defendants in some respect either fail to recognize the differences between complete and traditional (also known as "conflict") preemption or to the extent that they understand the concepts, misapply them in the context of ERISA. *Huisjack,* 2007 WL 1795863, at *5. Therefore, this Court explained complete and traditional preemption generally and as applied in the ERISA context. Id. at *5-7.

the exclusive remedy Congress created in § 510 of ERISA. Section 510 of ERISA protects against interference with protected rights by providing, in pertinent part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provision of an employee benefit plan, . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. . . . The provisions of section 1132 . . . shall be applicable in the enforcement of this section.

29 U.S.C. § 1140.

Moreover, § 510 claims are enforced via ERISA's civil enforcement provision found in § 502(a).[4] *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 145 (1990) (stating that § 502(a) (codified at 29 U.S.C. § 1132(a)) is "the exclusive remedy for vindicating § 510- protected rights"); *see also Graf v. Daimler Chrysler Corp*. 190 F. Supp. 2d 1002, 1006 (E.D.Mich. 2002). As such, § 510 completely preempts Plaintiff's state law cause of action which purports to set forth a claim that a person has been retaliated against for claiming or attempting to claim her right to receive LTD benefits under ERISA. *Graf*, 190 F. Supp. 2d at 1008; *Wood v. Prudential Insurance Co.,* 207 F.3d 674, 677-79 (3d Cir.2000).

In *Smith v. Ameritech,* 129 F.3d 857 (6th Cir.1997), the Sixth Circuit set forth the requirements to state a prima facie cause of action under § 510:

> To state a claim under § 510, the plaintiff must show that an employer had a specific intent to violate ERISA. In the absence of direct evidence of such discriminatory intent, the plaintiff can state a prima facie case by showing the existence of (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may

---

[4] This Court has already stated that "[i]n the context of ERISA, in order to be completely preempted, and therefore removable to federal court, the state law claim must be capable of being characterized as an ERISA enforcement action under ERISA's civil enforcement provision, § 502." *Huisjack,* 2007 WL 1795863, at *6.

become entitled...

29 U.S.C. § 1140.

Here, accepting all of her allegations as true, Plaintiff Andrea Huisjack has sufficiently established her *prima facie* case. Namely, she alleges that Medco terminated her employment because she sought LTD benefits under Medco's LTD benefits program. This Court therefore finds that with respect solely to LTD benefits, Plaintiff has stated a prima facie case under § 510. Thus, this Court also finds that pursuant to 28 U.S.C. § 1367 it retains supplemental jurisdiction over Count Four in so far as its relate solely to Plaintiff's state law retaliation claims arising out of the denial of benefits under the STD plan. *Voyticky v. Village of Timberlake, Ohio,* 412 F.3d 669, 675 (6th Cir. 2005) (stating that supplemental jurisdiction, in general, allows a plaintiff to include claims over which a federal court would not normally have jurisdiction provided that plaintiff's complaint properly invokes the district court's jurisdiction and that the other claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy).

**2. Count Five: Age Discrimination under Ohio Law**

In Count Five, Plaintiff Andrea Huisjack alleges that Medco discriminated against her on the basis of her age in violation Ohio Rev. Code § 4112.02 (A). Specifically, Plaintiff contends that Medco discharged her because of her age and then replaced her with a person substantially younger than her.

R.C. 4112.14(A) prohibits age discrimination in employment, and sets forth a protected class as follows: "No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform

the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

Under Ohio law, in an employment discharge action–absent direct evidence of age discrimination– a plaintiff-employee must demonstrate that he or she (1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age. *Coryell v. Bank One Trust Co. N.A.* 101 Ohio St.3d 175, 180, 803 N.E.2d 781, 787 (Ohio 2004).

It is well-established that under R.C. 4112.14(A) that the "statutorily protected class" includes only those persons aged 40 and older from age-based discrimination in employment. *E.g., Coryell*, 101 Ohio St.3d at 177, 803 N.E.2d at 785 (Ohio 2004).

Here, Plaintiffs' complaint on its face alleges that at the time Medco discharged her she was thirty-two years old. Thus, this Court finds that Andrea Huisjack is not a member of a statutorily protected class under R.C. 4112.14. Andrea Huisjack fails to meet the first prong of a prima facie case of age discrimination under R.C. 4112.14. Accordingly, this Court dismisses her age discrimination claim (Count Five).

### D. Conclusion

In conclusion, Plaintiff has failed to state a claim for age discrimination. This Court, therefore, dismisses Count Five. As to Count Four, with respect to LTD benefits, Plaintiff has stated a prima facie case under § 510. Lastly, this Court also finds that it retains supplemental jurisdiction over Count Four in so far as its relate solely to Plaintiff's state law retaliation claims arising out of the denial of benefits under the STD plan. Thus, for the reasons aforementioned, this Court **GRANTS** in part and **DENIES** in part Medco's motion. (Doc. # 13.)

**IT IS SO ORDERED**.

                                         **/s/ Gregory L. Frost**
                                       **GREGORY L. FROST**
                                       **UNITED STATES DISTRICT JUDGE**